### A96A0506. BROWN v. THE STATE.
(471 SE2d 527)

McMURRAY, Presiding Judge.

Defendant was charged with violating the Georgia Controlled Substances Act by manufacturing marijuana and also misdemeanor possession of marijuana (less than one ounce). He was tried before a jury and found guilty only of manufacturing marijuana. Defendant appeals from the judgment of conviction and sentence entered on the jury's verdict. *Held*:

In his sole enumeration of error, defendant contends the trial court erred in denying his motion for new trial on the special ground that the trial court "express[ed] an opinion in response to a juror's question after the court recharged the jury," in violation of OCGA § 17-8-57.

The transcript shows that, in response to the jury's request for additional instructions, the trial court recharged the jury on the definition of manufacturing marijuana. The following then transpired: "[JUROR]: I guess the question that came up was . . . if you came to the conclusion that they were aware of it and did nothing about it, is that still considered manufacturing? [THE COURT]: Well, it's your — the answer to me, that would be yes. I don't know what, if you let people use your property without doing something about it, to grow marijuana or manufacture, that would be — you have the power to control that; if you don't, then it becomes, you become a party. [THE JUROR]: That was the question that came up." The trial court then directly inquired of counsel as to "[a]ny objections to the recharge and to anything I said to the jury during that recharge?" Defense counsel replied, "No objection, your honor."

"The present rule is that the question of whether OCGA § 17-8-57 has been violated is not reached unless an objection or motion for mistrial is made. In the case sub judice, defendant did not object or move for a mistrial when the trial court [answered the juror's question about the legal significance of a state of facts hypothesized to be true]. Consequently, defendant failed to preserve for appellate review any alleged violation of OCGA § 17-8-57." (Citations and punctuation omitted.) *Cornelius v. State*, 213 Ga. App. 766, 770 (3) (445 SE2d 800). Although defendant, in the case sub judice, further argues that this Court should review his enumeration under the authority of OCGA § 5-5-24 (c), an objection to explanatory comments is not the same as an exception to the substance of the recharge.

*Grier v. State*, 218 Ga. App. 637, 639 (3), 640 (463 SE2d 130). This enumeration presents nothing for review.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED MAY 3, 1996 —
RECONSIDERATION DENIED MAY 17, 1996 —

*William L. Reilly*, for appellant.
*Roger G. Queen, District Attorney, William B. Britt, Assistant District Attorney*, for appellee.